IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LETISHA SANTOS

        Plaintiff,

vs.

U.S. SUPREME COURT, et al.,

        Defendants.

No. CIV. S-08-3148 GEB EFB PS

<u>ORDER AND
FINDINGS AND RECOMMENDATIONS</u>

/

This matter is referred to the undersigned pursuant to E. D. Cal. L. R. 72-302(c)(21) and 28 U.S.C. § 636(b)(1).

Plaintiff, proceeding in this action *pro se*, has requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Plaintiff has submitted an affidavit making the showing required by 28 U.S.C. § 1915(a)(1), and therefore meets the requirements of *in forma pauperis* status.

However, the determination that plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss a case at any time if it determines, *inter alia*, that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Thus, the court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989); *Franklin*, 745 F.2d at 1227.

A complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (Fed. R. Civ. P. 12(b)(6)). To avoid dismissal, the complaint must set forth "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555. Rather, the "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (emphasis deleted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Additionally, although *pro se* pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief," "in order to 'give the defendant fair notice of what . . . the claim is and the grounds upon which it rests.' " *Bell Atlantic Corp., supra*, 550 U.S. at

555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

The instant complaint, entitled "(Writs of Habeas Corpus) Murders of my Children,"[1] is twenty-two pages, densely worded and difficult to decipher. It details the alleged felonious, violent, drug-related and sexually deviant behavior of several individuals, including the murders of several children and adults, but none of the alleged victims are identified as plaintiff's children. The named individuals (none of whom are identified as defendants) include many who allegedly look alike, are twins, or are otherwise related or, conversely, have hidden or ambiguous identities, and run the gamut of employment, from prostitution to the FBI. Many are allegedly highly educated and travel extensively. The complaint does not assert legal claims, and does not make a claim for relief, but concludes: "I am not done submitting my writs. I need to collect more information on the murders of my children that these people that I've name[d] above have done and I am not done there are more people/children that I need to add in." Compl., at p. 22. Attached to the complaint is a summons, dated December 16, 2008, notifying plaintiff of an unlawful detainer-eviction action in Sacramento County Superior Court. Attachments to the summons include a copy of plaintiff's May 2004 lease agreement with the Sacramento Housing Authority.

The instant complaint meets each criteria for dismissal under § 1915. The complaint is not in proper form, fails to establish this court's jurisdiction, and fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 8, 12(b)(1), (6). Liberally construed, the complaint fails to present any facts which, if proven, would support a federal claim. Virtually all of the alleged facts recite criminal activity which, if true, should have been, or should be, pursued in state court.

////

---

[1] Plaintiff also states, in her application to proceed *in forma pauperis*, that she has two dependents, a daughter born in 1994, and a son born in 2000, but that "[t]hey might be dead." *See* Dckt. No. 2, at p. 2.

Plaintiff's challenge to the unlawful detainer action – which is apparently ongoing, since the address on the lease and summons is the same as the address plaintiff has provided this court – also lies with state administrative agencies and courts.

Moreover, plaintiff fails properly to name any defendant. Former Sacramento Superior Court Judge Carol Miller (deceased) is clearly improperly named.[2] (Even if Judge Miller remained a presiding judge, she would be immune from suit for conduct within the course and scope of her judicial duties. *Pierson v. Ray*, 386 U.S. 547 (1967); *Stump v. Sparkman*, 435 U.S. 349, 356-7 (1978)). Assuming plaintiff intended instead to name the Carol Miller Justice Center (a courthouse), both it and the other named judicial tribunals and agencies – defendants Sacramento County Juvenile Court, Sacramento County Family Court, and the "Court Health and Human Service Agency, Health and Human Safety" – as well as defendants California State Board of Education, California State Wide Health and Planning [sic], and SHRA [Sacramento Housing and Redevelopment Agency], are each a state agency or "arm of the state" immune from suit under the Eleventh Amendment absent appropriate consent not present here. *Alabama v. Pugh*, 438 U.S. 781, 782 (1978). Nor may plaintiff sue the remaining defendant, the U.S. Supreme Court, based on principles of sovereign immunity. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). Thus, plaintiff's action may not be maintained against any presently named defendant.

Nor does it appear that any defendant could properly be sued based upon the facts presented. The complaint demonstrates no reasonable basis upon which to rest this court's jurisdiction or allege a claim upon which relief could be granted. Rather, the complaint lacks any discernable basis in law or fact on which to proceed, and is therefore legally frivolous. *Neitzke*, 490 U.S. at 325, 327. It is the conclusion of this court that amendment of the complaint would be futile.

---

[2] It is not clear whether plaintiff refers to Judge Miller in her individual capacity, or in relation to the Carol Miller Justice Institute (courthouse).

4

1 　　　Accordingly, for the foregoing reasons, plaintiff's request to proceed *in forma pauperis* is
2 GRANTED; however, IT IS HEREBY RECOMMENDED that plaintiff's complaint be
3 dismissed without leave to amend and the Clerk be directed to close the case.
4 　　　These findings and recommendations are submitted to the United States District Judge
5 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days after
6 being served with these findings and recommendations, any party may file written objections
7 with the court and serve a copy on all parties.  Such a document should be captioned "Objections
8 to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the
9 specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158
10 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
11 DATED: May 5, 2009.

　　　　　　　　　　EDMUND F. BRENNAN
　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE